**ORDERED in the Southern District of Florida on July 14, 2026.**

**Craig A. Pugatch, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

INTERTRADE HOLDINGS INC.,

Debtor.
_______________________________/

Case No. 26-15399-CAP

Chapter 11

**SECOND INTERIM ORDER ON DEBTOR'S EXPEDITED MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND SETTING CONTINUED INTERIM HEARING ON SEPTEMBER 15, 2026, AT 1:30 P.M.**

This case came on for hearing on June 30, 2026, at 11:00 a.m., upon the Expedited Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. Sec. 363, [Dkt. No. 13] **("the Motion")**, filed by Debtor, INTERTRADE HOLDINGS INC. ***("Intertrade")***. The Motion seeks authority to use cash collateral while offering adequate protection of the security interest in the cash collateral held by TRUIST BANK **("Truist")**. For the reasons stated orally and recorded in open court that shall constitute the decision of the Court, it is thereupon

**ORDERED AND ADJUDGED** as follows:

1. The Motion is hereby GRANTED, and Intertrade is hereby authorized to use cash collateral, on an interim basis, for the period commencing as of the petition date and ending September 30, 2026, subject to the adequate protection requirements set forth herein.

2. Notwithstanding the provisions of 11 U.S.C. Sec. 552(a), Truist shall be deemed to have, as security for any and all obligations due and owing from Intertrade, whether prepetition or postpetition, a security interest on all cash generated from Intertrade's business operations and assets encumbered by Truist's security interest **("the Cash Collateral")**, of the same type, of the same validity, and of the same priority as Truist' prepetition security interest **("the Replacement Lien")**. The Replacement Lien is deemed valid and perfected without the need for the execution or filing of any further documents or instruments. Notwithstanding anything to the contrary, under no circumstances shall Truist have a lien on any causes of action arising under 11 U.S.C. §542 et. seq., 547, 548, 550, 551 or any of Intertrade's assets that Truist did not have a right to pre-petition.

3. Intertrade shall be required to maintain cash collateral levels at or above the values that prevailed as of the petition date, inclusive of account accounts receivable that Intertrade deems uncollectable

4. Intertrade shall have use of the Cash Collateral solely for Intertrade's ordinary course operating expenses, as set forth in the approved budget attached to the Motion as *Exhibit "A"*, and such other expenses outside the ordinary course of Intertrade's business as may be approved by the Court. Reasonable variances of up

to 10% are permitted for the respective line items of the budget, provided that the total expenditures shall not exceed the budgeted total without (i) advance consent of Truist, which shall not be unreasonably withheld, or (ii) order of this Court. Notwithstanding the foregoing, Intertrade shall not pay any compensation to professionals and insiders unless and until, and only to the extent authorized by this Court.

5. On or before September 11, 2026, Intertrade shall file a reconciliation for June, 2026 through and including August 2026 comparing its actual income and expenses to its budgeted income and expenses for such period.

6. On or before 2 business days prior to the continued cash collateral hearing referenced in Section 13 herein, Intertrade shall file a reconciliation for any period after June 2026 through 1 week prior to the continued cash collateral hearing comparing its actual income and expenses to its budgeted income and expenses for such period.

7. Commencing in May 2026, and continuing until further Order of this Court, Intertrade shall timely file its Monthly Operating Report, as well as any other periodic reporting required under United State Trustee operating guidelines and/or by Order of this Court.

8. Intertrade has represented to Truist that Intertrade does not carry its own insurance on its tangible personal property, but that the bonded warehouse that houses Intertrades's inventory provides insurance to Intertrade. Based on that representation, Intertrade shall, no later than May 22, 2026, and periodically

thereafter, provide Truist with reasonable proof of the existence, terms and limits of the insurance provided by the bonded warehouse to Intertrade.

9. As additional adequate protection, commencing May 22, 2026, and on or before the same day of each month thereafter until further Order of this Court, Intertrade shall:

A. Pay Truist the sum of $7,500.00.[12] Each such payment shall be (i) remitted to Truist by wire transfer pursuant to the wire instructions to be provided by Truist to Intertrade, and (ii) credited against Truist's claim as determined by the Court in further proceedings.

B. Provide Truist's counsel with an accounts receivable aging report, which shall include, for each Debtor account:

(i) The account debtor's full legal name, street address, telephone number and email address;

(ii) The total amount then due; and

(iii) Aging information, reflecting accounts or portion of accounts that are less than 30 days aged, 31-60 days aged, 61-90 days aged, and over 90 days aged.

C. Provide Truist's counsel with an accounts payable aging report, which shall include, for each Intertrade account payable:

---

1

In the event the due date for a payment(s) required hereunder falls on a Saturday, Sunday or holiday, the payment shall be deemed due on the next business day.

(i) The account creditor's full legal name, street address, telephone number and email address;

(ii) The total amount then due; and

(iii) Aging information, reflecting accounts or portion of accounts that are less than 30 days aged, 31-60 days aged, 61-90 days aged, and over 90 days aged.

D. Provide Truist's counsel with a list of inventory, which shall include, for each item of inventory:

(i) A description reasonably sufficient to identify each such item;

(ii) The number of each such item then on hand.

(iii) The date(s) on which each such item was acquired;

(iv) The name and address of the person from whom each of each such item was acquired;

(v) Intertrade's cost to acquire each such item; and

(vi) The then current location of each such item.

(vii) A description reasonably sufficient to identify each such item.

E. Provide Truist's counsel with a list of equipment, including vehicles, which shall include, for each item of equipment:

(i) A description reasonably sufficient to identify each such item, including model numbers and serial numbers;

(ii) Intertrade's cost to acquire each such item; and

(iii) The historical book value of each such item.

F. Providing Truist with on-line access, for viewing only, as to each of Intertrade's deposit accounts, including debtor-in-possession accounts, provided that the financial institution where Intertrade maintains its DIP account allows for such access.

G. Permitting Truist to periodically inspect the assets securing payment of Truist's claim, at the location(s) where such assets are maintained in the ordinary course of Intertrade's business.

10. If, and to the extent the value of the Cash Collateral diminishes from the value(s) prevalent as of the petition date herein, (i) Truist shall be entitled to an administrative claim pursuant to 11 U.S.C. Secs. 507(a)(2) and (b) and Sec. 503(a), and (ii) such diminution shall be admissible as evidence to support a request by Truist for relief from the automatic stay.

11. In the event Truist reasonably believes that Intertrade has failed to fulfill any of Intertrade's adequate protection obligations set forth herein, counsel for Truist shall provide counsel for Intertrade and the U.S. Trustee with written notice thereof by electronic mail at bbehar@bgglaw.com and John.S.Schank@usdoj.gov, respectively, setting forth the alleged default and the action required to cure same. Absent cure of the alleged default within seventy-two business (72) hours of the giving of such notice, the Court will consider, on an expedited basis, Truist's motion to terminate the automatic stay on account thereof. Interstate reserves all its rights to

defend against Truist's motion to terminate the automatic stay.

12. This Order is without prejudice to: (a) any subsequent objection to, or request by any party in interest to modify or impose additional restrictions upon Intertrade's use of cash collateral; (b) and/or any subsequent objection to any line items in the Intertrade's budget; or (c) any other right or remedy which may be available to Truist or any other secured creditor.

13. The Court shall hold a continued interim hearing on the Motion on September 15, 2026, at 1:30 p.m., eastern time at the U.S. Courthouse, 299 E. Broward Blvd., Room 301, Ft. Lauderdale, FL 33301.

###

Submitted By:
Brian S. Behar, Esq.
Behar, Gutt & Glazer, P.A.
DCOTA Bldg, Suite A-350
Dania Beach, FL 33004
Telephone: 954-266-3710
bsb@bgglaw.com
*(Attorney Behar is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*

Exhibit "A"

Intertrade Holdings Budget Projections

| | | May weekly | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE IN** | 4-May | 11-May | 18-May | 25-May | May | June | July | August | Sept | |
| COMMISSIONS RECEIVED | | | | | | | | | | |
| Tracy | | | | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | |
| Cubanita | | | $4,000.00 | | $4,000.00 | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | |
| Bakemark | | | | | $0.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | |
| WWF | | | | $3,300.00 | $3,300.00 | $4,000.00 | $4,000.00 | $4,000.00 | $4,000.00 | |
| D&E | | | | $400.00 | $400.00 | $600.00 | $600.00 | $600.00 | $600.00 | |
| Traditional | | | | | $0.00 | $0.00 | $10,000.00 | $10,000.00 | $10,000.00 | |
| US Dairy | | $200.00 | | | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | |
| Rey Pan | | | $50.00 | | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 | |
| | | | | | $0.00 | | | | | |
| SALES | | | | | | | | | | |
| Sales | $89,333.33 | $89,333.33 | $89,333.33 | $89,333.33 | $357,333.33 | $357,333.33 | $124,000.00 | $357,333.33 | $357,333.33 | |
| **REVENUE OUT** | | | | | | | | | | |
| COGS | | | | | | | | | | |
| Traditional | $55,000.00 | $55,000.00 | $55,000.00 | $55,000.00 | $220,000.00 | | | | | |
| Alesie | | $33,000.00 | | $33,000.00 | $66,000.00 | | | | | |
| Samiya | | | | $28,957.00 | $28,957.00 | | | | | |
| ABC Global | | | | $6,000.00 | $6,000.00 | | | | | |
| Miranda Deliciosa | $1,800.00 | $1,800.00 | $1,800.00 | $1,800.00 | $7,200.00 | | | | | |
| TOTAL PURCHASES | | | | | $328,157.00 | $335,246.67 | $113,580.00 | $113,580.00 | $113,580.00 | |
| GENERAL EXPENSES | | | | | | | | | | |
| Salaries | | | | | | | | | | |
| Perry | | $5,000.00 | | $5,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | |
| Alan | | $2,600.00 | | $2,600.00 | $5,200.00 | $5,200.00 | $5,200.00 | $5,200.00 | $5,200.00 | |
| Diana | | $695.00 | | $695.00 | $1,390.00 | $1,390.00 | $1,390.00 | $1,390.00 | $1,390.00 | |
| | | | | | $0.00 | | | | | |
| | | | | | $0.00 | | | | | |
| Office | | | | | $0.00 | | | | | |
| General | | | | $900.00 | $900.00 | $900.00 | $900.00 | $900.00 | $900.00 | internet, phone, EDI, Drop box, Cloud,emails |
| Office | | | | $915.00 | $915.00 | $910.00 | $925.00 | $950.00 | $980.00 | software, supplies, FedEx, samples |
| Travel | $50.00 | | $500.00 | $100.00 | $650.00 | $400.00 | $700.00 | $500.00 | $400.00 | Trips and Gas |
| Prof | | | $1,500.00 | | $1,500.00 | | | | | bookkeeping |
| Ins | | | | | $0.00 | | | | | Already paid for the year |
| Lic | | | | | $0.00 | $1,000.00 | | | | PACA needs to be paid for |
| Food Show | | | | | $0.00 | $2,000.00 | | | | Cheney Bros Food Show |
| Bank/Int | | | $300.00 | | $300.00 | $300.00 | $300.00 | $300.00 | $300.00 | |
| Profit/Loss | | | | | $16,771.33 | $9,136.67 | $10,155.00 | $243,663.33 | $243,733.33 | |

Paid on CC, will move to debit card
Paid on CC, will move to debit card

| margin | Sales/mo | Customer | CGS |
|---|---|---|---|
| 0.1 | 14000 | USF | 12600 |
| 0.05 | 8000 | Passions | 7600 |
| 0.08 | 9000 | Sysco | 8280 |
| 0.1 | 73000 | IP Trading | 65700 |
| 0.05 | 233333.3 | CBI | 221666.7 |
| 0.03 | 20000 | Unipak | 19400 |