**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD COUNTY DIVISION**

| | |
|---|---|
| **In re:**<br><br>**INTERTRADE HOLDINGS INC.,**<br>Debtor.<br>_________________________________/ | **Case No.: 26-15399-CAP**<br>Chapter 11<br>Judge Craig A. Pugatch |

**WORLD WIDE FROZEN FOODS, LLC'S MOTION TO MODIFY SECOND INTERIM CASH COLLATERAL ORDER [ECF NO. 59] TO CARVE OUT PACA TRUST ASSETS, AND OBJECTION TO CONTINUED AUTHORIZATION OF CASH COLLATERAL USE [ECF NO. 13]**

World Wide Frozen Foods, LLC ("WWFF"), by and through undersigned counsel, as a beneficiary of the statutory trust established under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"), respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a) and 363, Fed. R. Bankr. P. 9024, and the express reservation of rights under ¶12 of the Second Interim Cash Collateral Order [ECF No. 59] (the "Second Interim Order"), to modify the Second Interim Order to carve out PACA trust assets from the authorized cash collateral and from the replacement lien granted to Truist Bank, and to object to any further authorization of cash collateral use [ECF No. 13] absent such a carve-out. In support thereof, WWFF states as follows:

**PRELIMINARY STATEMENT**

On July 14, 2026, this Court entered the Second Interim Order authorizing Intertrade Holdings Inc. (the "Debtor") to use cash collateral through September 30, 2026 and granting Truist Bank ("Truist") a replacement lien on "all cash generated from Intertrade's business operations." (DE 59 at ¶2). The Second Interim Order was entered without any PACA creditor having appeared, and without any consideration of whether the assets authorized for use as cash collateral are, in fact, property of the estate--- they are not.

Rather, every dollar of cash, every account receivable, and every item of inventory held by this Debtor—a food broker and wholesaler continuously purchasing perishable agricultural commodities since December 2021—is presumptively a PACA trust asset held in trust for the exclusive benefit of unpaid produce creditors by operation of 7 U.S.C. § 499e(c)(2). PACA trust assets are *not* property of the estate under 11 U.S.C. § 541. Thus, the Court lacked authority under § 363 to authorize their use as "cash collateral," and lacked authority under § 361 to grant Truist a replacement lien on them.

The Second Interim Order expressly provides that it is "without prejudice to . . . any subsequent objection to, or request by any party in interest to modify or impose additional restrictions upon Intertrade's use of cash collateral." (DE 59 at ¶ 12). WWFF, a party in interest herein, now invokes that reservation. Critically, the next cash collateral hearing is set for September 15, 2026 at 1:30 p.m.—the same date and time as Truist Bank's pending Motion for Relief from Stay and to Prohibit Cash Collateral Use [ECF No. 18]. WWFF respectfully requests that this Court address the PACA trust carve-out at that same hearing.

WWFF holds a perfected PACA trust claim of $226,523.00 ($162,334.93 principal, $54,188.07 interest through June 27, 2026, and estimated $12,000.00 in attorneys' fees and costs), plus continuing accruals, as set forth in Claim No. 11 [Claim No. 11]. Every week the Debtor continues operating without a PACA carve-out, WWFF's trust assets are further dissipated.

## <u>RELEVANT BACKGROUND</u>

### *A. The Bankruptcy Case and Cash Collateral Proceedings*

On April 28, 2026, Intertrade Holdings Inc. filed a voluntary Chapter 11 petition (the "Petition"). The Debtor is a food broker and wholesaler operating from Pembroke Pines, Florida,

purchasing perishable agricultural commodities and reselling them with a markup, and earning commissions on food sales it arranges. (DE 13 at ¶ 2).

On May 13, 2026, the Court entered a First Interim Cash Collateral Order [ECF No. 30]. On July 14, 2026, following a hearing on June 30, 2026, the Court entered the Second Interim Order [ECF No. 59], authorizing cash collateral use through September 30, 2026, and granting Truist a replacement lien on "all cash generated from Intertrade's business operations and assets encumbered by Truist's security interest." (DE 59 at ¶ 2.) The Second Interim Order also requires Intertrade to pay Truist $7,500.00 per month as additional adequate protection. (DE 59 at ¶ 9.A.) The next hearing is scheduled for September 15, 2026 at 1:30 p.m. (DE 59 at ¶ 13.).

Critically, the Second Interim Order is expressly "without prejudice to: (a) any subsequent objection to, or request by any party in interest to modify or impose additional restrictions upon Intertrade's use of cash collateral." (DE 59 at ¶ 12). This Motion directly invokes that reservation.

Also pending for the September 15 hearing is Truist Bank's Motion for Relief from Stay and to Prohibit Use of Cash Collateral [ECF No. 18, re-noticed at ECF No. 54]. Truist and WWFF align on the core proposition that the Debtor should not freely use these assets—though WWFF's basis is the superior federal PACA trust, not Truist's security interest.

***B. WWFF's PACA Trust Claim***

WWFF is a licensed PACA wholesale produce dealer (License No. 20030630). Between December 1, 2021 and November 21, 2025, WWFF sold and delivered perishable agricultural commodities to the Debtor (PACA License No. 20200456) totaling $162,334.93 in principal, none of which has been paid. The Debtor has carried a continuous balance with WWFF since December 1, 2021—establishing an unbroken PACA trust from that date through the present and beyond.

Each WWFF invoice bore the statutory trust language required by 7 U.S.C. § 499e(c)(4), and no payment terms exceeded 30 days. WWFF's Proof of Claim was filed July 7, 2026 as Claim No. 11. A true copy of the Claim, PACA trust declaration, and statement of account is attached hereto and incorporated herein as **Composite Exhibit "A**."

The Debtor's own budget (DE 13, Ex. A) includes a line item labeled "Lic" annotated "PACA needs to be paid for." This is an implicit acknowledgment that PACA obligations exist, are unsatisfied, and should be addressed.

## ARGUMENT

### I. THE SECOND INTERIM ORDER MUST BE MODIFIED BECAUSE IT AUTHORIZES USE OF PACA TRUST ASSETS THAT ARE NOT PROPERTY OF THE ESTATE

#### *A. The PACA Trust Encompasses All of the Debtor's Produce-Derived Assets*

Under 7 U.S.C. § 499e(c)(2), a licensed produce buyer *automatically* holds in trust for the benefit of unpaid produce sellers: (i) all perishable agricultural commodities received; (ii) all inventories of food or products derived therefrom; and (iii) all receivables and proceeds from the sale thereof. The trust arises *by operation of law* upon the first produce purchase and remains in continuous existence until all produce creditors are paid in full. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 136 (3d Cir. 2000).

The trust is non-segregated and floating; commingling is expressly contemplated. *See* 7 C.F.R. § 46.46(b). *All assets of a produce buyer are presumed PACA trust assets* unless the party opposing trust status demonstrates that a specific asset was not acquired with produce funds. (Emphasis added). *See In re Kornblum & Co.*, 81 F.3d 280, 286 (2d Cir. 1996); *see also Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010, 1013–14 (6th Cir. 1993); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990).

The Debtor is a food broker and wholesaler. Every revenue stream disclosed in the operating budget derives from food sales and commissions (DE 13, Ex. A). The bank account (DIP) contains food-sale proceeds. The accounts receivable represent amounts owed for food sales. The inventory consists of food products. The Debtor has not identified any non-produce-derived asset. All disclosed assets are therefore presumptively PACA trust assets, and the burden is on the Debtor—not WWFF—to prove otherwise.

***B. PACA Trust Assets Are Not Property of the Estate and § 363 Does Not Apply***

Section 541(a)(1) of the Bankruptcy Code defines "property of the estate" as the debtor's legal and equitable interests in property. Property held in trust for another is categorically excluded—the debtor holds no equitable interest in trust property. *See Begier v. IRS*, 496 U.S. 53, 59 (1990). The Eleventh Circuit has recognized that PACA trust assets do not become property of the bankruptcy estate. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990).

"Cash collateral" under 11 U.S.C. § 363(a) is property in which *the estate* and another entity have an interest. Because PACA trust assets *never* enter the estate, the estate has no interest in them and, as such, § 363 has no application to them. Accordingly, the Court lacked authority to authorize their use or to grant a replacement lien on them as "adequate protection" under § 361 (which likewise only reaches estate property). The Second Interim Order must be modified to reflect same.

***C. The Replacement Lien in ¶ 2 Cannot Attach to PACA Trust Assets***

Paragraph 2 of the Second Interim Order grants Truist a replacement lien on "all cash generated from Intertrade's business operations." Because substantially all of Intertrade's cash is generated from food brokerage and wholesale operations, this lien covers PACA trust assets. That is impermissible on two independent grounds.

First, any security interest in PACA trust assets—pre-or post-petition—is expressly "secondary and specifically voidable in order to satisfy debts to unpaid suppliers." *See* 49 Fed. Reg.; *see also Consumers Produce Co. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1379 (3d Cir. 1994). Truist's pre-petition lien was already subordinate to WWFF's PACA trust claim. Indeed, a court order cannot elevate Truist's position above WWFF's federally mandated super-priority.

Second, a court cannot grant a lien on assets that are not part of the estate. 11 U.S.C. § 361 authorizes adequate protection only as to "an interest in property of the [estate]." PACA trust assets do not qualify. Accordingly, ¶ 2 of the Second Interim Order should be modified to expressly exclude all PACA trust assets from the replacement lien.

## II. WWFF'S PACA TRUST CLAIM IS SUPERIOR TO ALL CREDITORS, INCLUDING TRUIST, AND MUST BE SATISFIED BEFORE ANY CASH COLLATERAL USE CONTINUES

WWFF's PACA trust priority stands entirely outside and above the Bankruptcy Code's § 507 priority scheme, superior to Truist (secured) and to all unsecured creditors. *See Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004). PACA trust payments are not subject to avoidance as preferences under § 547 because trust funds were never estate property. *See In re Kornblum*, 81 F.3d at 286. The Debtor's principals are individually liable for trust dissipation, and that liability is non-dischargeable. 7 U.S.C. § 499e(c); *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).

The $7,500/month adequate protection payments flowing to Truist under ¶ 9.A of the Second Interim Order are being paid from PACA trust assets that should instead satisfy WWFF's $226,523.00 trust claim first. So long as any PACA trust claim remains unsatisfied, no produce-derived funds should be diverted to Truist or any other creditor.

## III. RELIEF REQUESTED — SPECIFIC MODIFICATIONS TO SECOND INTERIM ORDER

Pursuant to ¶ 12 of the Second Interim Order, Fed. R. Bankr. P. 9024, and 11 U.S.C. § 105(a), WWFF requests that the Court modify the Second Interim Order [ECF No. 59] as follows:

(a) **PACA Carve-Out:** Insert the following provision: "Notwithstanding any other provision of this Order, the term 'Cash Collateral' and the Replacement Lien granted in ¶ 2 of this Order shall not include, and shall expressly exclude, any Perishable Agricultural Commodities Act ('PACA') trust assets as defined in 7 U.S.C. § 499e(c)(2), including without limitation all cash, accounts receivable, inventory, and produce-derived proceeds of Debtor. No PACA trust assets may be used as Cash Collateral without the prior written consent of all valid PACA trust beneficiaries or further Order of this Court."

(b) **Segregation:** Require the Debtor, within five (5) business days of entry of the modified order, to segregate all PACA trust assets in a separate, clearly identified trust account, and to provide written notice of the account to WWFF, Truist Bank, and the U.S. Trustee.

(c) **Accounting:** Require the Debtor, within five (5) business days of entry of the modified order, to provide WWFF and the U.S. Trustee with a complete accounting of all produce-related receipts and disbursements from the Petition Date (April 28, 2026) through the date of the modified order.

(d) **Payment:** Require the Debtor to pay WWFF's PACA trust claim of $226,523.00 (plus attorneys' fees, costs, and interest continuing to accrue) from PACA trust assets within fourteen (14) days of entry of the modified order, or as otherwise agreed by the parties.

(e) **No Adequate Protection to Truist from PACA Assets:** Modify ¶ 9.A to provide that the $7,500/month adequate protection payments to Truist shall not be funded from PACA trust assets until WWFF's trust claim is paid in full.

(f) **Retroactive Modification:** Modify the First Interim Order [ECF No. 30] and Second Interim Order [ECF No. 59] *nunc pro tunc* to exclude PACA trust assets from any authorized cash collateral use and from any replacement lien, to the same extent as the foregoing modifications.

## CONCLUSION

Wherefore, WWFF respectfully requests that this Court enter an Order: (i). Granting this Motion to Modify; (ii) Modifying the Second Interim Cash Collateral Order [ECF No. 59] and First Interim Cash Collateral Order [ECF No. 30] as set forth in Sections III(a)–(f) above; (iii) Declaring that all cash, accounts receivable, inventory, and produce-derived assets of the Debtor are PACA trust assets that are not property of the bankruptcy estate and not available for cash collateral use without prior payment in full of all PACA trust claims; (iv) Prohibiting Truist Bank from receiving any replacement lien, security interest, or adequate protection payment from PACA trust assets until WWFF's trust claim is paid in full; (v) Directing the Debtor to immediately: (a) segregate PACA trust assets; (b) provide a full accounting since the Petition Date; and (c) pay WWFF's $226,523.00 trust claim (plus attorneys' fees) within 14 days; and (vi) Granting such other and further relief as this Court deems just and proper.

A Proposed Form of Order is submitted herewith as **Exhibit "B**."

Respectfully submitted,

DAVID H. HAFT, P.A.
1526 Cardinal Way, Suite A
Weston, Florida 33327
Tel: (954) 459-1358
david@dhaftlaw.com

By: /*s/ David H. Haft*
DAVID H. HAFT, ESQ.
Florida Bar No. 68992

Attorney for Creditor World Wide Frozen Foods, LLC

**ATTORNEY CERTIFICATION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which served all parties registered to receive electronic notice.

By: /s/ *David H. Haft*
DAVID H. HAFT, ESQ.