**EXHIBIT B**
**PROPOSED FORM OF ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD COUNTY DIVISION**

| | |
|---|---|
| **In re:**<br><br>**INTERTRADE HOLDINGS INC.,**<br>Debtor.<br>_________________________________/ | **Case No.: 26-15399-CAP**<br>Chapter 11<br>Judge Craig A. Pugatch |

**ORDER GRANTING MOTION OF WORLD WIDE FROZEN FOODS, LLC TO MODIFY SECOND INTERIM CASH COLLATERAL ORDER [ECF NO. 59] TO CARVE OUT PACA TRUST ASSETS**

THIS MATTER came before the Court on ________________________, 2026, upon the Motion of World Wide Frozen Foods, LLC [ECF No. ___] (the "Motion") to Modify the Second Interim Cash Collateral Order [ECF No. 59] (the "Second Interim Order"). The Court, having reviewed the Motion, the record, and being otherwise duly advised in the premises, and for the reasons stated on the record:

**THE COURT HEREBY FINDS:**

A. A statutory PACA trust arose automatically by operation of 7 U.S.C. § 499e(c)(2) upon Debtor's first purchase of perishable agricultural commodities and has remained continuously in existence through the date of this Order.

B. World Wide Frozen Foods, LLC properly preserved its PACA trust rights by including the statutory trust language required by 7 U.S.C. § 499e(c)(4) on each invoice and by not extending payment terms beyond 30 days.

C. All cash, accounts receivable, inventory, and produce-derived assets held by the Debtor (the "PACA Trust Assets") are held in trust for the benefit of WWFF and other PACA trust beneficiaries and are not property of the bankruptcy estate under 11 U.S.C. § 541.

D. The PACA Trust Assets are not subject to § 363's cash collateral provisions and may not be used or encumbered without prior satisfaction of all valid PACA trust claims.

E. No security interest of Truist Bank or any other creditor takes priority over or may be enforced against PACA Trust Assets.

**IT IS THEREFORE ORDERED:**

1. The Motion is **GRANTED**.

2. **PACA Carve-Out.** The Second Interim Order [ECF No. 59] and First Interim Order [ECF No. 30] are hereby MODIFIED, nunc pro tunc to the respective dates of entry, to add the following provision: "Notwithstanding any other provision of this Order, the term 'Cash Collateral' and the Replacement Lien shall not include, and shall expressly exclude, all PACA Trust Assets as defined in 7 U.S.C. § 499e(c)(2), including all cash, accounts receivable, inventory, and produce-derived proceeds of the Debtor. No PACA Trust Assets may be used as Cash Collateral without the prior written consent of all valid PACA trust beneficiaries or further Order of this Court."

3. **Replacement Lien.** Paragraph 2 of the Second Interim Order is MODIFIED to provide that the Replacement Lien granted to Truist Bank does not attach to, and Truist Bank shall have no lien on, any PACA Trust Assets.

4. **Segregation.** Within five (5) business days of entry of this Order, the Debtor shall segregate all PACA Trust Assets in a separate, clearly identified trust account and provide written notice of such account (including account number and financial institution) to WWFF, Truist Bank, and the U.S. Trustee.

5. **Accounting.** Within five (5) business days of entry of this Order, the Debtor shall provide WWFF and the U.S. Trustee with a complete accounting of all produce-related receipts and disbursements from April 28, 2026 through the date of this Order.

6. **Payment.** The Debtor shall pay WWFF's PACA trust claim of **$226,523.00** (plus attorneys' fees, costs, and interest continuing to accrue) from PACA Trust Assets within fourteen (14) days of entry of this Order, or as otherwise agreed by the parties in writing or directed by further Order of this Court.

7. **Adequate Protection Payments.** Paragraph 9.A of the Second Interim Order is MODIFIED to provide that the $7,500/month adequate protection payments to Truist Bank shall not be funded from PACA Trust Assets until WWFF's PACA trust claim is paid in full.

8. **Prohibition on Encumbrance.** The Debtor is prohibited from granting, and Truist Bank is prohibited from accepting or enforcing, any lien, security interest, or other encumbrance on PACA Trust Assets, whether pursuant to the Second Interim Order or otherwise.

9. The Court retains jurisdiction to enforce this Order and resolve any disputes arising hereunder.

###

Submitted by:

David H. Haft, Esq.
David H. Haft, P.A.
1526 Cardinal Way, Suite A

Weston, Florida 33327
Florida Bar No. 68992
(954) 459-1358 | david@dhaftlaw.com

*(Attorney Haft is directed to serve a copy of this Order on all interested parties and file a certificate of service.)*