**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**BROWARD DIVISION**

IN RE:

INTERTRADE HOLDINGS INC.

CASE NO. 26-15399-CAP
Chapter 11

Debtor.

_______________________________/

**DEBTOR'S OPPOSITION TO WORLDWIDE FROZEN FOODS , LLC'S MOTION TO MODIFY'S SECOND INTERIM CASH COLLATERAL ORDER TO CARVE OUT PACA TRUST ASSETS, AND OBJECTION TO CONTINUED AUTHORIZATION OF CASH COLLATERAL USE**

Intertrade Holdings, Inc., ("Debtor"), by and through its undersigned counsel, hereby files this *Debtor's Opposition to Worldwide Frozen Foods, LLC's Motion to Modify's Second Interim Cash Collateral Order to Carve Out PACA Trust Assets, and Objection to Continued Authorization of Cash Collateral Use*, ("Response"), and respectively sets forth and show:

1. On April 28, 2026, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code with this Court. The Debtor has continued in the operation and management of the business as a Debtor-in-Possession.

2. Truist Bank, ("Truist"), is the largest secured creditor in this case. Through the cooperation of Truist, the Debtor has been operating with continued use of Truist's cash collateral. The court has entered into orders allowing the use of cash collateral, both orders were with consent of Truist. See, [ECF ## 30, 59].

3. World Wide Frozen Foods, LLC, ("World Wide"), has filed its *Motion to Modify Seconds Interim Cash Collateral Order to Carve Out PACA Trust Assets, and Objection to Continued Authorization of Cash Collateral Use*, [ECF # 83], ("Motion") .

4. The Debtor opposes the Motion. Without any evidentiary support, World Wide alleges that it is entitled to a PACA trust against virtually all of the Debtor's assets. If the Motion were to be granted, this Chapter 11 could be doomed.

5. Neither the Proof of Claim filed by World Wide, (Claim number "11"), nor the Motion attached any invoices or other documentation for the Court to review as to whether the Motion has any merit. The Motion does not specify what products were sold to the Debtor, in order for the Court to make a determination of what, if any assets, are subject to a PACA trust.

6. Truist has filed its *Opposition to World Wide Frozen Foods, LLCs Motion to Modify Second Interim Cash Collateral Order And to Carve Out PACA Trust Assets, and Objection to Continued Authorization of Cash Collateral Use*, [ECF # 89], ("Truist Opposition"). The Debtor joins in the arguments raised an Truist Opposition.

7. Further, the Debtor notes that some or all of the product provided by World Wide to the Debtor is not covered by PACA in any event. The PACA statute defines "perishable agricultural commodities as "any of the following, whether or not frozen or packed in ice: fresh fruits and vegetables of every kind and character." 7 U.S.C.A. §499a-499s, (1996). Courts have recognized that the PACA statute and set a broad definition of what is "fresh fruits and vegetables", but the meaning is still ambiguous. *Fleming Companies, Inc. vs United States Department of Agriculture,* 322 F.Supp 2nd 744, (U.S. Dis. Ct., E.D.Texas, 2004). "Fresh" has been recognized to have for accepted meanings: 1) not altered by processing ; 2) not stale, rotted, spoiled or perished; 3) recently made, produced, or harvested; and 4) not preserved, as by canning, smoking, or freezing. *Fleming*, 322 F. Supp 2nd at page 737. The *Fleming* court noted that the United States Department of Agriculture, ("USDA"), had amended their rules to clarify what could be considered as "fresh fruits and vegetables. At first, the USDA defined "fresh fruits and vegetables" as including

> "all products generally considered by the trade as perishable fruits and vegetables, whether or not frozen or packed in ice and whether or not held in common or cold

storage, but does not include those which have been dried or manufactured into articles of food of a different character".

8. Later, the USDA further amended the rules to include a list of path of operations which would not strip the product from PACA protection:

> "[b]lanching, chopping, color adding, curing, cutting, dicing, drying for the removal of surface moisture, fumigating, gassing, heating for insect control, ripening and coloring, husking, icing, peeling, polishing, pre-cooling, refrigerating, shredding, slicing, trimming, washing with or without chemicals, waxing, adding of sugar or other sweetening agents, and ascorbic acid or other agents used to retard oxidation, or the mixing of several kinds of sliced, chopped, or diced fruits or vegetables for packaging in any type of containers, or comparable methods of preparation, whether the product is not processed by heat to assure preservation...

See, *Fleming,* 322 F. Supp 2nd at page 761.

9. Regulation 7 C.F.R. §46.2, excludes fruits and vegetables that have been "manufactured into articles of food of a different kind or character".

10. The Debtor believes that the product sold to the Debtor by World Wide may not be subject to PACA.

11. There is a question of fact which requires evidence as to whether the product sold by World Wide to the Debtor constitutes "fresh fruit or vegetables" subject to the PACA statute. The Motion does not provide any indication as to what was sold by World Wide to the Debtor, and whether PACA would apply.

WHEREFORE, the Debtor requests that this Court enter an order denying the Motion and granting the Debtor such other and further relief as is just and proper.

## ATTORNEY CERTIFICATION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 14, 2026,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

BEHAR, GUTT & GLAZER, P.A.
Attorneys for Debtor
DCOTA, Suite A-350
1855 Griffin Road
Fort Lauderdale, Florida 33004
Telephone & Fax: (954) 266-3710
Email: bsb@bgglaw.com
Secondary: jgarcia@bgglaw.com

By: /s/ ***Brian S. Behar***
BRIAN S. BEHAR, ESQ.
FBN: 727131